JOHN BOOTH *vs.* WAITMAN BOOTH and WILLIAM SIPPLE Ad‑
ministrators of JOHN BOOTH, dec'd.

General indebitatus assumpsit lies against an executor or administrator for a distribu‑
tive share—and the declaration need not be special.

The correction of an administration account, made on the appeal of one heir or credi‑
tor, is evidence for other heirs or creditors, whose right of appeal is not then barred;
but such decree cannot be used by a party who is barred.

CASE.   Pleas, non-assumpsit; payment; discount and the act of
limitations.

This was an action of assumpsit by an heir at law, to recover his
distributive balance of personal estate.   The facts agreed on, were
these: Joseph Booth, father of plaintiff died, leaving two children, of
whom plaintiff is one.  John Booth, sen., defendant's intestate, adminis-
tered on the estate of Joseph, and passed three accounts of his adminis‑
tration, one on the 3d May 1826, showing a balance in hand of $78 07;
another on 27th March 1833, making the balance $483 78; and the
third on 17th December 1834, which showed a balance due from the
administrator of $1,466 84.   An appeal was taken from these ac-
counts by the other heir of Joseph Booth, on the 18th December 1834,
and the same were corrected by the Orphans' Court, and the balance
increased $434 68.   It corrected the first as well as the two last ac-
counts.   Plaintiff was thirty two-years of age on the 15th of March
1836, and his right of appeal from the first account was barred at the
time the appeal was taken, by the other heir.

The declaration contained two counts, both for money had and re‑
ceived; one laying the promise by John Booth, and the other by de-
fendants as his administrators.

*Frame*, for defendants, objected to the administration accounts as
competent evidence in this action.

The act of assembly gives the remedy by assumpsit for a distribu-
tive share, which I understand to be specifically for such share as
such; and in which action, as in a suit upon the administration bond,
it is necessary to set out in the narr the progress of the settlement,
the balance for distribution, and the state of the heirs.   This narr is
not for a distributive share; but, in general terms, for money had and
received.   This gives no notice of the specific character of the claim,
is not an action for a distributive share as such, and is not the remedy
given by the act.   The act does not authorize a recovery on an im-
plied assumpsit, as for money had and received.

*Bates*, contra.   The law implies a promise to pay whenever one
has received money which he ought to pay to another, and the action
for money had and received will lie for its recovery.   *Comyn on Con‑*

*tracts* 275. And this action lies against a sheriff for money received in his official capacity, and it is not necessary to set out all the facts.

*Frame.*—Assumpsit will lie for rent, but the narr must be special. 1 *Harr. Rep.* 6; 2 *Johns.* 246; 1 *Chitty* 91; 3 *Binney* 559.

*Per curiam.*—(BLACK, J., hesitante.)

We think that the action for money had and received may be sustained for a distributive share on the general counts, and without setting out the facts or declaring specially; and that these administration accounts are therefore evidence.

Plaintiff then offered in evidence, the correction of the three accounts in the Orphans' Court, on the appeal by the other heir. Objected to.

*Frame.*—The decision on that appeal is not admissible in evidence here as it was between other parties. It is clearly not admissible as to the first account, for at that time this plaintiff was forever barred from taking an appeal from that account. As to him it was conclusive, his rights were fixed, and the Orphans Court had no jurisdiction as to the rights of either of these parties touching that account. It cannot be that the limitation, which is a flat bar in a direct proceeding, could thus indirectly, through the proceeding of a younger heir who was not barred, be entirely got rid of.

*Bates,* contra. By the constitution these accounts are to be settled according to the very right of the matter; and, as so settled, they ascertain the liability of the administrator. The accounts, either as filed or as corrected, are the only means of getting at the truth; and the truth, when thus ascertained, enures to the benefit or the detriment of all parties concerned, whether administrator, heir or creditor. The defendant here was also a party to that appeal, and he is therefore concluded as to the balance. The decrees of the Orphan's Court are moreover in their nature, conclusive on all the world. 1 *Harr. Rep.*, 486. The decree establishes a fact, a certain balance in the hands of the administrator; this fact, so established, is evidence of the liability of the admistrator, no matter who calls him to account. Thus one creditor appealing, secures to all other creditors the benefit of a decree as evidence of the administrators liability. It is in other words, the highest evidence of the true balance of the intestates estate.

*Per curiam.*—This is a new question, and one both of consequence and difficulty. The decrees of the register unappealed from, are binding on all the world, yet all parties have the right of appeal for a limited time. Every heir may appeal successively. The decree of the Orphan's Court is conclusive on the party appealing, but not on the other parties having the right to appeal. What then shall be

the rule of evidence or measure of liability as to a party who has not appealed, the decree of the register or the decree of the Orphans' Court made on the appeal of another party? The record of his sister's appeal was not conclusive against the present plaintiff—should it then be conclusive for him? And yet the uniform practice has been to receive the corrected accounts in favor of all interested. Such a rule of evidence tends to prevent multiplicity of suits, as a contrary, one would compel each heir or creditor to prosecute an appeal; and it seems but reasonable, at least as to persons whose right of appeal is not barred, that they should have the benefit of the correction of the accounts, though made at the instance of another party similarly situated. According to this view, we have come to the conclusion, that the Orphans' Court proceedings are evidence in favor of any party not barred at the time of the appeal, whether heir or creditor, and who acquiesces in the appeal taken. Plaintiff cannot avail himself, therefore, of the first account, as it was barred; but he may use the other accounts as corrected, in respect of which he falls within the rule laid down.

The parties agreed to take a verdict subject to the opinion of the court, on a more mature consideration of these questions.